IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL GOODALL**,

    Plaintiff,

v.

**QUICK COLLECT, INC.**, an Oregon Corporation; **KENNETH STEPHEN MITHCELL-PHLLIPS, SR.**, an individual; **MITCHELL-PHILLIPS MALCOLM, PLLC**, a foreign limited liability company; **JASON MYERS,** Marion County Deputy Sheriff; and **JOHN DOE**, Marion County Deputy Sheriff,

    Defendants.

_____

**Civ. No. 6:15-cv-01887-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    On March 31, 2015, Defendants Sheriff Jason Myers and Deputy "John Doe" executed a civil warrant of arrest for a Michael Goodall. The identifying information on the warrant, including name, date of birth, driver's license number, and height and weight, matched with the Plaintiff in this case. In fact, the warrant was meant for the arrest of the Plaintiff's son, Michael Goodall Jr., but the party requesting the warrant mistakenly identified the Plaintiff as the subject to be arrested. Defendant Meyers and Defendant Doe now move for summary judgment on all claims in which they are named.

    Because Plaintiff concedes that John Doe has not been served, Defendant Doe's motion is GRANTED. Pl.'s Br. 1, ECF No. 36. Without service on John Doe, the Court lacks personal jurisdiction.

Because Defendant Myers executed a facially valid arrest warrant of which Plaintiff was the subject, Defendant Myers motion is GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Michael Goodall shares his name with his son, Michael Goodall, Jr. Goodall, Jr. owed a debt to Defendant Quick Collect, Inc. "(Quick Collect"). Quick Collect obtained a General Judgment against "Michael Goodall" for the monies owed. Quick Collect then preceded post-judgment to have Goodall appear at a debtor examination by order of the Marion County Circuit Court. Goodall failed to obey the court's order to appear. Goodall then failed to obey a subsequent court order to appear and show cause why he should not be held in contempt for his failure to appear at the debtor examination. Compl. ¶s 10-18, ECF No. 1; Def's Br. 1-2, ECF No. 25.

Quick Collect, through their attorney, Kenneth Mitchell-Phillips, then filed a motion asking the Court to issue a warrant to arrest "Michael Goodall." The Court granted the motion and signed a Civil Bench Warrant directing the Sheriff of Marion County to arrest "Michael Goodall." The arrest warrant included a second page containing personal identifying information to include an Oregon driver's license number, date of birth, social security number, and height and weight. Unfortunately, the Oregon driver's license number, date of birth, and height and weight identified Michael Goodall, Sr., the plaintiff in this case, as the subject of the warrant. The social security number belonged to Michael Goodall, Jr. Compl. ¶s 19-21, ECF No. 1; Def's Br. 3, ECF No. 25.

Quick Collect generated the identifying information by using a database purchased from the Oregon Department of Motor Vehicles. Quick Collect searched for "Michael Goodall" not knowing the debtor was Michael Goodall, Jr. Quick Collect then provided this information to Mr. Mitchell-Phillips, who relied on that information in drafting (1) the motion to issue warrant,

(2) the court order granting the motion to issue warrant, and (3) the Civil Bench Warrant to be signed by the judge. Def's Br. 3-4, ECF No. 25.

At some point Plaintiff learned of the warrant for his arrest and went to the Sheriff's office on his own volition to clear up the matter. At the Sheriff's office, he informed them that he was not a party to any civil action, provided United States Government ID containing his correct social security number, and otherwise refuted the grounds for the bench warrant. The Sheriff's office confirmed the validity of the warrant for Michael Goodall with a date of birth matching Plaintiff's and executed the warrant. Plaintiff was arrested, transported to the Marion County Jail, booked and then released from custody after approximately seven hours. Compl. ¶s 26-31, ECF No. 1; Def's Br. 4-5, ECF No. 25.

Marion County Sheriff's Office has a process in place to cross-check whether or not an individual is actually the subject of an arrest warrant. The process utilizes non-exclusive identifying factors: name, date of birth, witness statements, government issued identification, height, weight, hair color, eye color, and distinctive scars or tattoos. The process does not rely upon a social security number because there is no database accessible that provides personal or physical identifiers alongside a social security number. Def's Br. 5-7, ECF No. 25.

## **STANDARD OF REVIEW**

This Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id*. The court reviews evidence and draws inferences in the light most favorable to the non-moving party.

*Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

## DISCUSSION

**I. Section 1983 Claims**

Municipalities, including counties and their sheriff's departments, may be held liable under Section 1983 only where the plaintiff can show (1) that he was "deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which 'amount to deliberate indifference to … constitutional rights; and (3) that these policies are the moving force behind the constitutional violations.'" *Lee v. City of Los Angeles,* 250 F.3d 668, 681–2 (9th Cir.2001) (quoting *Oviatt v. Pearce,* 954 F.2d 1470, 1473–77 (9th Cir.1992)). *Monell* liability will only attach in a § 1983 action where a municipality's policies or customs evince a deliberate indifference to the constitutional right and are a moving force behind the constitutional violation. 42 U.S.C.A. § 1983, See, *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978).

Plaintiff here alleges he was deprived of his Fourth and Fourteenth Amendment constitutional rights against unreasonable seizure when he was arrested at the sheriff's office and detained at the county jail. The validity of an arrest is analyzed under the probable cause standard of the Fourth Amendment. Pre-trial detention based on mistaken identity is analyzed under the Due Process Clause to the Fourteenth Amendment. *Rivera v. Cnty. of L.A.,* 2011 WL 2650006, at *8 (C.D.Cal. July 5, 2011), See, e.g., *Baker v. McCollan,* 443 U.S. 137, 141 (1979); *Fairley v. Luman,* 281 F.3d 913, 915–18 (9th Cir.2002).

Generally, an arrest pursuant to a valid warrant satisfies the Fourth Amendment. *Baker*, 443 U.S. at 143. However, when officers arrest the wrong person on a constitutionally valid warrant, the question of whether the plaintiff's Fourth Amendment rights were violated "turns on whether [the arresting officers] had reasonable cause to believe that Plaintiff[ ] was the person named in the warrant." *Gant v. Cnty. of Los Angeles,* 765 F.Supp.2d 1238, 1248 (C.D.Cal.2011) (citing *Blackwell v. Barton,* 34 F.3d 298, 303 (5th Cir.1994)); *see also, Hill v. California,* 401 U.S. 797, 802 (1971) (explaining "when the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest").

## A. Fourth Amendment analysis

Plaintiff here argues that his arrest was not pursuant to a valid warrant as he was not the warrant's true subject; his son was the subject of the warrant. If true, then the burden would shift to Sheriff Myers to show the arrest occurred with reasonable cause to believe that Plaintiff was the person named in the warrant.

Based on the record, the Court finds as a matter of law Plaintiff to be the subject of the facially valid warrant. While the warrant may have been issued on the conduct of Plaintiff's son or even intended to be issued for Plaintiff's son, intent does not determine the subject to be arrested. An arresting officer does not have the ability to decipher intent, but must work off and rely on the actual name and other identifying information on the warrant. Quick Collect pulled Plaintiff's identifying information from a database to be used in the drafting of the Civil Bench Warrant. The intent may have been to draft a warrant for Plaintiff's son, but the actual end product identifies Plaintiff as the subject of the warrant. The Marion County Sheriff's office acted on a valid arrest warrant with probable cause to arrest Michael Goodall.

In *Baker v. McCollen*, as here, the plaintiff asserted a § 1983 claim based upon his arrest pursuant to a facially valid warrant. 443 US at 141–42. The warrant was issued for the plaintiff, but was based on conduct by his brother, who had stolen the plaintiff's driver's license. *Id.* Despite the plaintiff's protests of mistaken identity, he was detained for three days. *Id.* at 144. When officers eventually ascertained the validity of the plaintiff's protests, he was released. *Id.* The Supreme Court in *Baker* affirmed dismissal of the § 1983 claim for violation of the plaintiff's Fourth Amendment rights noting that Baker was arrested pursuant to a facially valid warrant. 443 U.S. at 147.

In *Copeland v. K-Mart Corporation*, No. 97-35333, 1998 WL 560759, (9th Cir. Sept. 2, 1998), an individual named Burton was arrested for shoplifting at K-Mart and gave a Portland Police officer the name and date of birth for his half-brother, Copeland. When Burton failed to appear in court, a warrant was issued for Copeland's arrest. The warrant contained Copeland's name, actual date of birth, a physical description of Burton and included a fictitious address Burton provided. Several months later, a Portland Police officer confirmed the validity of the warrant for Copeland's arrest and arrested him at his home despite his and his family's protests that the shoplifter must have been his half-brother. Copeland was held in jail overnight and released the next day. Copeland filed a complaint alleging a claim for false arrest.

The court upheld summary judgment in favor of the City of Portland because the officer had arrested the plaintiff pursuant to a facially valid warrant. Charles Edward Copeland was the person named on the facially valid warrant. Copeland could not establish a false arrest as a matter of law. *Copeland*, 1998 WL 560759, at *5.

**B. Fourteenth Amendment Analysis**

Once Plaintiff had been arrested, his detention is analyzed under the Due Process Clause to the Fourteenth Amendment. *See, e.g., Baker,* 443 U.S. 137, 141 (1979). Plaintiff alleges that

the Marion County Sheriff's Office deputies had a duty of due diligence to investigate the validity of a warrant in circumstances when the person to be arrested claims innocence and provides evidence that the warrant contains incorrect personal identifying information, specifically an incorrect social security number. The Constitution does not impose such a duty. An arresting officer does not have a constitutional duty to investigate claims of mistaken identity. *Id.* at 143–44. In *Baker* the Court noted the Constitution does not guarantee that only the guilty will be arrested. *Id*. The Fourteenth Amendment does not protect against all deprivations of liberty, but only against deprivations of liberty accomplished "without due process of law." *Id*. The Court then continued:

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers—all of whom may be potential defendants in a § 1983 action—is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to independently investigate every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Id.* at 145–146.

### C. First and Second Amendment analysis

Plaintiff alleges that because of the outstanding warrant, he failed his background check to work with foster children and also failed his background check for a concealed weapons permit. There is no constitutional right to a conceal weapons permit. *Peruta v. Cty. of San Diego*, 824 F.3d 919, 939 (9th Cir. 2016). There is also no First Amendment right between a foster parent and a foster child. *See, e.g. Bartholomew v. Stassi-Lampman*, 95 F.3d 1156 (9th Cir. 1996) (The relationship between a foster parent and foster child is a creature of state child welfare statutes.); *Backlund v. Barnhart,* 778 F.2d 1386, 1389 (9th Cir.1985) ("Foster parents do

not enjoy the same constitutional protections that natural parents do."); *see also Wildauer v. Frederick County,* 993 F.2d 369, 373 (4th Cir.1993) (noting that "[s]everal courts have explicitly held that foster parents do not have a constitutionally protected liberty interest in a continued relationship with their foster child")

## CONCLUSION

Plaintiff's Count V § 1983 claim against Defendant Myers, either in his official or individual capacity, is dismissed. There is no evidence Plaintiff was deprived of his constitutional rights under the Fourth or Fourteenth Amendment by defendants and their employees acting under color of state law. Plaintiff fails to state a constitutional right under the First or Second Amendment for which he was deprived.

For these reasons, defendants' motion for summary judgment, ECF No. 24, is GRANTED.

IT IS SO ORDERED.

DATED this 11th day of October, 2016.

_____
**Michael J. McShane**
**United States District Judge**